101104
PRB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: subpoena issued to Buckeye CableSystem an Ohio Corporation doing business in Toledo, Ohio | § § § § § § § § | Case No. 11-68 |

## BUCKEYE CABLESYSTEM'S
## MOTION TO QUASH SUBPOENA

Buckeye CableSystem ("Buckeye"), by and through counsel, moves to quash the subpoena issued by attorney Evan Stone presumably on behalf of three claimed copyright holders. That subpoena asks Buckeye to produce to Mr. Stone's office in Denton Texas the names, addresses, email addresses and media control addresses respecting seven IP addresses. A copy of that subpoena and its accompanying information is attached as Exhibit A.

Buckeye Cablesystem is an Ohio company with its principal place of business in the Toledo, Ohio and moves to quash this subpoena for three principal reasons. First, this Court lacks personal jurisdiction over Buckeye as Buckeye has absolutely no contacts with or any corporate presence in Texas. Second, Buckeye is a transmitting service provider only and is not subject to

the subpoena provisions under which Mr. Stone's subpoena is purportedly issued. Finally, those procedural concerns when coupled with the significant First Amendment protections afforded anonymous internet users warrant this Court to quash that subpoena. The reasons and authorities in support of this motion are stated in the attached memorandum.

Respectfully submitted,

Paul R. Bonfiglio
Counsel for Buckeye CableSystem

## I. A Brief Background

Buckeye was previously served with subpoenas emanating from three separate cases all filed in this court by attorney Evan Stone on behalf of a plaintiff called "LFP Internet group LLC, A Delaware Company." Those cases sought damages against literally thousands of John Doe defendants for alleged copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sec. 101 et seq. (The Copyright Act). Those cases were captioned:

LFP Internet Group, LLC v. DOES 1-319,   Case No. 3:10-cv-02094-P

LFP Internet Group, LLC v. DOES 1-3,120  Case No. 3:10-cv-02095-M

LFP Internet Group, LLC v. DOES 1-2,619  Case No. 3:10-cv-02139-F

In each instance Mr. Stone had obtained an ex parte order granting his motion to take discovery prior to the Rule 26(f) conference and thereon issued subpoenas to presumably hundreds of cable service providers asking that they provide identifying data corresponding to certain IP addresses. Buckeye CableSystem was one of the subpoenaed providers. At that time the undersigned counsel gained admission to this court for the purpose of filing motions to quash those subpoenas. After discussions with Mr. Stone, however, those subpoenas were withdrawn, albeit without prejudice to possible resubmission.

In the interim, Judge Royal Furgeson on February 10, 2011 and February 11 2011 issued orders severing all but the first named Doe from in each of those cases and ordered all corresponding subpoenas quashed. Those orders are attached hereto as Exhibits B, C and D.

It is unclear whether the most recent subpoena pertains to any of the claims alleged in those now dismissed cases. What *is* clear, however, is that Mr. Stone with this subpoena has once again used the auspices of this Court to issue another improper subpoena to an Ohio company asking that it produce information to Mr. Stone's address in Denton, Texas. This time, Mr. Stone invokes provisions of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. Section 512(h). That provision, however, does not apply to service providers like Buckeye, which is a transmitting service provider only and which does not store or house data of the type at issue in the attached subpoena. In addition, this court lacks jurisdiction to issue that subpoena to an Ohio company with

no contacts in this forum. Finally, that subpoena leap-frogs established first amendment protections afforded anonymous internet users. For those reasons and the reasons that follow, that subpoena should be quashed.

## II. This Court lacks personal jurisdiction over Buckeye Cablesystem and its Ohio customers.

First among the deficiencies of Plaintiff's subpoena is this court's obvious lack of personal jurisdiction over Buckeye. Mr. Stone in the attached subpoena offers no justification, explanation or factual allegations of any type or description to explain why jurisdiction respecting an Ohio company is proper in this court.

Obviously, in order to assert personal jurisdiction over a non-consenting, non-resident defendant, Mr. Stone must demonstrate that Buckeye has minimum contacts with this forum so that requiring it to defend its interest in this court does not offend traditional notions of fair play and substantial justice. See *International Shoe Company v. Washington*, 326 U.S. 310 (1945), *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985). Mr. Stone has not and cannot meet that burden. In fact, he has produced no explanation or jurisdictional facts to support jurisdiction over any Ohio persons or companies, particularly with respect to a subpoena which could only have as its intended result forcing an Ohio resident to appear and defend a potential lawsuit in Texas. Such an effect can only be deemed an undue burden sufficient to quash this subpoena – particularly in light of the further statutory and First Amendment concerns discussed below.

Finally, and has been described by at least one other federal judge, ample resources exist that permit Plaintiff's counsel to more particularly identify which if any among the various IP addresses he seeks to identify are in fact Texas residents and which are Ohio residents who reside far beyond the jurisdictional reach of this Court. <u>See</u> Opinion of Judge Blance M. Manning, United States District Court, Northern District of Illinois in *Millenium TGA Inc. v. Does 1-800*, Case No. 10 C 5603, attached hereto as Exhibit E.

There is no question that this Court lacks personal jurisdiction over Buckeye and that requiring Buckeye or its customers to defend and litigate this subpoena in this District creates exactly the sort of hardship and unfairness— both financially and in terms of time, effort, and accessibility--that the personal jurisdictional requirements exist to prevent.

### III. The pre-litigation subpoena procedures of 17 U.S.C. 512(h) do not apply to transmitting service providers that do not store or permit data of its customers to reside on its network.

In addition to the obvious jurisdictional defects described above, this Court should quash this subpoena because the statute under which it purports to issue does not apply to internet service providers like Buckeye that transmit – but do not store – information or data. In the seminal case of *Recording Industry Association of America v. Verizon Internet Services Inc*, and in subsequent cases, federal courts have carefully considered the statutory framework of the DMCA, its legislative history and the interplay of that statute's proposed subpoena powers with the federal rules of procedure. Those courts have determined that the principal objectives of the DMCA subpoena

provisions target a service provider's storage functions – and not its transmission functions. See *In re Subpoena to University of North Carolina at Chapel Hill, supra*, 367 F. Supp 2d. 953 (D.C. Cir. 2005). In fact, the statutory framework of the DMCA recognizes that some internet service providers simply supply transitory digital communication and do not store material or data on their systems. See 17 U.S.C. Section 512(a). Federal courts have recognized that "such a provider does nothing more than transmit, route, or provide a connection, and act as a conduit for the transmission of the copyrighted material. There is no stored material to remove or access to disable." *In re Subpoena to University of North Carolina at Chapel Hill, supra*, 367 F. Supp. 2d. As a result, federal courts construing the various notification procedures of the Act have determined that mere conduit service providers are not subject to the subpoena procedures detailed in 512(h). *See Recording Industry Association of America v. Verizon Internet Services*, 351 F.3d. 1229(D.C. Cir. 2003); (*In re Charter Communications, Inc. Subpoena Enforcement Matter*, 393 F.3d 771 (8th Cir. 2005); *In re subpoena to University of North Carolina at Chapel Hill et al v. University of North Carolina State, supra*.

Indeed, federal courts have been deeply concerned that the pre-litigation 512(h) subpoena procedures could be subject to abuse, and have described scenarios where an individual is served a subpoena issuing from a remote jurisdiction and is hereby forced to appear and defend in a district that would be wildly improper under the provisions of Fed. R. 45 and traditional venue and jurisdiction principle. *See e.g., In re subpoena to University of North*

6

*Carolina, supra,* 367 F. Supp. 2d at 956. Indeed, one federal court in quashing one such subpoena succinctly ruled that the "subpoena power of a court cannot be more extensive than its jurisdiction." *Id. at 956-957; (citations omitted).*

That analysis applies in this case. Buckeye is a transitory communications service provider as described in 17 U.S.C. 512(a) and in fact has already so advised Mr. Stone in formal correspondence to his office dated April 13, 2003. A copy of that letter is attached as Exhibit F. Because Buckeye is a conduit service provider, it is not subject to the type of 512(h) subpoena which Mr. Stone has issued in this case. In fact, the scenario facing Buckeye is the type of scenario discussed by the district court when it quashed the subpoena issued in the *North Carolina* case referenced above. See *In re subpoena issued to North Carolina, supra.*

A similar result should issue herein. The facts asserted in Mr. Stone's subpoena do not support jurisdiction over Buckeye and do not support venue in this court. In fact, Mr. Stone cites no jurisdiction or venue provisions that permit a federal court in Dallas to issue a pre-litigation subpoena to an Ohio company with no ties to Texas and to thereby force that company to appear, respond or defend that subpoena in Texas.

### IV. Mr. Stone's subpoena fails to demonstrate sufficient facts to overcome the legitimate First Amendment Privileges afforded a citizen's right to anonymous speech

Finally, the subpoena should be quashed as Mr. Stone fails to demonstrate facts to overcome the qualified privilege afforded anonymous

7

speech in this context under the First Amendment. There is no question that the First Amendment protects the right to anonymous speech in a number of different contexts including internet message boards and video-sharing sites. See *McIntyre v Ohio Elections Comm'n.*, *514 U.S. 334, 357 (1995); Reno v. ACLU, 521 U.S. 844, 870 (1997); Doe v. 2themart.com, 140 F.Supp 2d 1088, 1092 (W.D. Wash 2001)*. Given the fundamental rights to free speech protected by the First Amendment, an individual's right to anonymity is typically afforded a qualified privilege, and a trial court must balance a citizen's right to privacy with any articulated and demonstrated needs of the entity seeking to "unmask" the user. See *Grandbouche v. Clancy*, 825 F.2d. 1463, 1466 (Tenth Circuit, 1987).

The troubling defects described above coupled with the legitimate First Amendment concerns purported Buckeye customers warrant this Court to quash that subpoena.

## V. Conclusion

For all the foregoing reasons, this court should grant Buckeye's motion and quash the attached subpoena.

Respectfully submitted,

_____
Paul R. Bonfiglio
Attorney for Buckeye Express

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Buckeye Cablesystem's Motion to Quash Subpoena** on this 23rd day of May, 2011, by regular First Class U.S. Mail to: Evan Stone, Esq., 624 W. University Dr., #386, Denton, TX 76201.

_____
Paul R. Bonfiglio